UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO MAYEN, *on his own behalf and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>W.M. BOLTHOUSE FARMS, INC., et al.,<br><br>Defendants. | No. 1:21-cv-00318-DAD-BAK (EPG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT W.M. BOLTHOUSE FARMS, INC.'S MOTION TO DISMISS<br><br>(Doc. No. 8) |

The matter is before the court on the motion to dismiss filed by defendant W.M. Bolthouse Farms, Inc. ("Bolthouse") on April 5, 2021.[1] (Doc. No. 8.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the motion was taken under submission on the papers. (Doc. No. 10.) For the reasons explained below, the court will grant in part and deny in part defendant Bolthouse's motion to dismiss.

---

[1] The undersigned apologizes for the excessive delay in the issuance of this order. This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. While that situation was partially addressed by the U.S. Senate's confirmation of district judges for two of this court's vacancies on December 17, 2021 and June 21, 2022, another vacancy on this court with only six authorized district judge positions was created on April 17, 2022. For over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. That situation resulted in the court not being able to issue orders in submitted civil matters within an acceptable period of time and continues even now as the undersigned works through the predictable backlog. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.

# BACKGROUND

Plaintiff Julio Mayen originally filed a wage-and-hour class action complaint in Kern County Superior Court on October 28, 2020 against defendant MA Medina Farm Labor Services, Inc. ("Medina") and Does 1 through 100, alleging violations of California's Labor Code, California's Unfair Competition Law (UCL), and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA). (Doc. No. 1 at 12–31.) On January 25, 2021, having discovered the true names of Does 1–4, plaintiff amended his complaint in state court to name defendant Bolthouse as Doe 1, defendant Bolt House Farms as Doe 2, defendant Bolthouse Farms Cuyama Cuyama as Doe 3, and defendant Bolthouse Farms Kern County as Doe 4 (the "FAC").[2] (*Id.* at 8–11.) No other amendments were made to plaintiff's original complaint aside from the identification of Does 1–4. After being served with plaintiff's FAC, defendant Bolthouse timely filed a notice of removal in this federal court pursuant to 28 U.S.C. § 1331. (*Id.* at 2–3.) In plaintiff's operative FAC, he alleges as follows.

"Defendants," which plaintiff uses to refer collectively to defendant Medina and Does 1 through 100, "are farm labor contractors that are engaged in providing agricultural workers/employees who work on land located in Kern County, California that is owned by various companies." (*Id.* at 19, ¶ 17.) Plaintiff alleges that defendants "employed . . . thousands

---

[2] This court's docket reflects that only defendant Bolthouse has appeared in this action and plaintiff has not filed any proof of service with respect to the remaining four defendants, despite the removal of this action occurring over 17 months ago. In the notice of removal, however, defendant Bolthouse maintains that defendant Medina "was served in December 2020" and "consents to the removal," but in regard to the other three named defendants, Bolthouse merely states in a footnote that they are not "properly named entit[ies]." (Doc. No. 1 at 2–3.) On August 3, 2022, the assigned magistrate judge issued an order to show cause why the case against defendants Bolt House Farms, Bolthouse Farms Cuyama, and Bolthouse Farms Kern County should not be dismissed for failure to complete service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 17.) Pursuant to the assigned magistrate judge's order, plaintiff was further directed to file, no later than August 16, 2022, proof of service as to these three defendants, or a response demonstrating plaintiff's good cause for failing to complete service on these three defendants and explaining when he can complete such service. (*Id.* at 2.) In addition, plaintiff was "cautioned that failure to respond to this order to show cause may result in the dismissal of these Defendants from the action." (*Id.* at 3.) Accordingly, because the deadline for plaintiff to respond to the order to show cause has now passed and plaintiff has not filed any response, the court will dismiss defendants Bolt House Farms, Bolthouse Farms Cuyama, and Bolthouse Farms Kern County from this action.

of seasonal agricultural workers in its harvesting, field packaging and packaging business." (*Id.* at 19, ¶ 17.) Specifically, "Plaintiffs entered into working arrangements with Defendants," which were "formed and entered into each season" when "Defendants hire each plaintiff." (*Id.* at 19, ¶ 19.) Although plaintiff lumps all defendants together in his FAC, alleging that all "Defendants were the employers of Plaintiff and the Class" (*id.* at 29, ¶ 49[3]), he also alleges, specifically, that defendant Medina was his former employer and is the current and former employer of the putative class members. (*Id.* at 14, ¶ 4.) No other defendant aside from Medina is mentioned by name in the allegations of the FAC. Instead, plaintiff merely alleges that all defendants are "the managerial agent, employee, predecessor, successor, joint-venturer, co-conspirator, alter ego and/or representative of one or more of the other Defendants" and "the agents, servants, and/or employees of each of the other Defendants," such that all defendants "are jointly and severally liable to the Plaintiff, and the Class." (*Id.* at 15, ¶¶ 7–8.) Finally, nowhere in the FAC does plaintiff allege when he worked for defendant Medina or the other defendants, or when the alleged misconduct took place.[4]

Approximately one month after the removal of the action to this federal court, on April 5, 2021, defendant Bolthouse filed the pending motion to dismiss contending that: (i) eight of the nine causes of action asserted by plaintiff are barred by the applicable statute of limitations; (ii) there are insufficient facts alleged to state any cognizable claims against defendant Bolthouse as a joint employer of plaintiff and that dismissal of all of plaintiff's nine claims is warranted; and (iii)

---

[3] This paragraph is misnumbered in the FAC and should be paragraph 81. (Doc. No. 1 at 29.)

[4] The FAC asserts the following nine claims against all defendants: (1) failure to pay overtime wages in violation of California Labor Code §§ 218.5, 1194 & Wage Order; (2) failure to pay minimum wages in violation of California Labor Code §§ 200, 203, 218.5, 558, 1194, 1194.2, 1197 & Wage Order; (3) failure to provide itemized wage statements in violation of California Labor Code § 226 & Wage Order; (4) failure to pay wages upon termination and/or resignation in violation of California Labor Code §§ 201–203 & Wage Order; (5) failure to provide rest breaks in violation of California Labor Code § 226.7 & Wage Order; (6) failure to provide meal periods in violation of California Labor Code §§ 226.7, 512, & Wage Order; (7) failure to reimburse for expenses reasonably incurred in violation of California Labor Code §§ 2802, 29 U.S.C. § 1832(c) & Wage Order; (8) violation of the federal AWPA, 29 U.S.C. §§ 1831, 1832; and (9) violation of the California UCL, California Business and Professions Code, §§ 17200 *et seq.* (Doc. No. 1 at 23–30.)

3

the court should stay or dismiss this action under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) because a nearly identical action brought by a different plaintiff is pending against the same five defendants in state court.  (Doc. No. 8.)  Attached to defendant Bolthouse's pending motion to dismiss is:  (i) a declaration from its counsel with three exhibits, including a copy of the complaint in the alleged parallel state court action (Doc. No. 8-1), and (ii) a declaration of Iliana Lopez, a manager for defendant Medina to which is attached one exhibit, a payroll earnings record for plaintiff maintained in defendant Medina's ordinary course of business that is offered in support of defendant Bolthouse's statute of limitations argument for dismissal (Doc. No. 8-2).  On May 4, 2021, plaintiff filed an opposition to the pending motion responding to some, but not all, of defendant Bolthouse's arguments.  (Doc. No. 11.)  Defendant Bolthouse filed a reply thereto on May 11, 2021.  (Doc. No. 12.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court may also consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested

4

1  and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City
2  of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). However, it is inappropriate to assume
3  that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . .
4  . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State
5  Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

**A.    Whether to Incorporate Plaintiff's Earnings Statement into the FAC**

Defendant Bolthouse first urges the court to incorporate by reference one of plaintiff's earnings statement as the basis for its argument that plaintiff's first through eighth claims are barred by the applicable statute of limitations. (Doc. No. 8 at 13.)

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee*, 250 F.3d at 688 (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Doing so would convert a motion to dismiss for failure to state a claim under Rule 12(b)(6) into a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). However, courts do recognize two exceptions to this rule: "the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

The Ninth Circuit has explained the incorporation-by-reference doctrine as follows: "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Even if not directly attached to a complaint, a document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). That said, a complaint's "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Moreover,

/////

> if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.

*Khoja*, 899 F.3d at 1002 (explaining that "the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim"). Finally, whether the district court incorporates a document by reference is a matter of discretion. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) ("[T]he district court may, but is not required to incorporate documents by reference.").

Here, the court will exercise its discretion to *not* incorporate a payroll earnings record purportedly showing plaintiff's entire work history of only three weeks with defendant Medina ("Medina payroll record") as part of plaintiff's operative FAC. (Doc. No. 8-2 at 5.) Defendant Bolthouse argues that the Medina payroll record is "an integral part of [plaintiff's] allegations because [it] evidence[s] his last day of employment with Medina at a Bolthouse location," necessarily relied upon by plaintiff in his noncompliant wage statement claim, and incorporated by reference vis-à-vis plaintiff's allegations appearing in paragraphs 3–4, 29, and 52–56 of the FAC. (Doc. No. 8 at 13.) However, plaintiff's FAC simply does not refer to or mention the Medina payroll record, nor indeed are any specific payroll records mentioned in the FAC, including in the paragraphs that defendant Bolthouse directs the court's attention to. As an initial matter, this strongly implies that incorporating the Medina payroll record would merely form the basis of an affirmative defense presented on behalf of defendant Bolthouse, not that it serves as a basis of plaintiff's claims. *See Khoja*, 899 F.3d at 1002–03 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint[.]"); *Ritchie*, 342 F.3d at 908 (declining to incorporate documents as part of the complaint when the documents did not form the basis of the complaint and were not referred to extensively in the complaint). In fact, plaintiff's noncompliant wage claim is alleged generally without reference to a particular payroll record whatsoever, further showing that the Medina payroll record—which does not even resemble a weekly paystub, but rather is a purported total payroll history of plaintiff—is not integral to plaintiff's claim based on

the face of the FAC. (*See, e.g.*, Doc. No. 1 at 21, ¶ 29 ("As a result of Defendants' failure to compensate Plaintiff and the Class premium wages for overtime worked and for all hours worked, the wage statements issued to Plaintiff and the Class by Defendants did not comply with Labor Code §226 in that they did not accurately reflect all wages earned and due and owing."). Bolthouse also fails to cite any case in which a court incorporated payroll records into a complaint without a specific reference to such records in the complaint and then allowed a specific payroll record to form the basis for dismissal of the complaint based upon an affirmative defense. On the other hand, for instance, district courts have rejected attempts by defendants seeking to have a release agreement which purportedly barred the plaintiff's claims to be incorporated into the complaint for purposes of ruling on a motion to dismiss. *See Aledlah v. S-L Distribution Co., LLC*, No. 20-cv-00234-JSC, 2020 WL 2927980, at *3 (N.D. Cal. June 3, 2020) (finding other courts' reasoning that an "extrinsic release would bar the plaintiffs' claims, [thus] the release documents were integral" to be unsupported by Ninth Circuit law and would "obliterate[e] the general rule that courts may not consider material outside the pleadings when evaluating the sufficiency of a complaint"); *Mednick v. Virtual Sonics, Inc.*, No. 21-cv-3755-MRW, 2021 WL 4805194, at *2 (C.D. Cal. July 22, 2021) ("[D]istrict courts have declined to incorporate release agreements into civil complaints in evaluating dismissal motions in employment-related cases. . .[because] courts recognize that the existence or non-existence of a valid release is a defense to liability, not a fundamental basis of the plaintiff's claim."); *Almaznai v. S-L Distribution Co., LLC*, No. 20-cv-08487-JST, 2021 WL 4457025, at *4 (N.D. Cal. June 21, 2021) (rejecting a statute of limitations argument, in part, because it depended on a release agreement that the court would not incorporate by reference because it only served to form an affirmative defense and was not integral to the complaint).[5]

---

[5] The court also notes that Bolthouse's argument for dismissal on statute of limitations grounds relies on Ms. Lopez's declaration explaining the significance of coding on the Medina payroll record, which declaration was drafted after plaintiff filed his complaint. (Doc. No. 8-2 at ¶¶ 3–4.) Ms. Lopez's explanation in this regard (e.g., notations next to each week of "Grow 46" versus "Grow 53") is necessary in order to explain what the Medina payroll record purportedly shows—specifically, the payment of wages to plaintiff for work at a Bolthouse location for the period October 17–26, 2016, and that this one week represents the only week that plaintiff ever worked

The court finds that defendant Bolthouse has not presented adequate grounds on which this court could exercise its discretion to incorporate the Medina payroll record as part of the FAC, and therefore, the court declines Bolthouse's request to incorporate that record into the FAC. As a result, defendant Bolthouse's remaining arguments contending that plaintiff's first eight claims are barred under the applicable statute of limitations have necessarily been rendered moot because they all depended on the court concluding that the Medina payroll record represented plaintiff's last day of work with defendant Bolthouse. Accordingly, the court denies Bolthouse's motion to dismiss to the extent it is based on a statute of limitations defense.[6]

**B.     Whether Plaintiff Alleged that Defendant Bolthouse was a Joint Employer**

Defendant Bolthouse next contends that all of plaintiff's claims against it must fail because the FAC does not "plead a single fact showing an employment relationship with Bolthouse." (Doc. No. 8 at 14, 17–19.) Defendant Bolthouse admits that defendant Medina employed plaintiff. (*Id.* at 10.) Whether the FAC sufficiently alleges that defendant Bolthouse was a joint employer of plaintiff along with defendant Medina implicates state law as to plaintiff's California Labor Code claims and federal law as to plaintiff's AWPA claim.

To be held liable for any violations under the California Labor Code, defendant Bolthouse must be plaintiff's employer. *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 947 (N.D. Cal. 2019). "California courts rely on the definitions provided in California's Industrial Welfare

---

at a defendant Bolthouse location. (Doc. No. 8-2 at ¶¶ 3–4.) Were the court to incorporate the Medina payroll record as part of the FAC, the document would have to be construed in the light most favorable to plaintiff without reference to an explanatory declaration submitted by defendants that was not in existence when the complaint was filed. Doing so, the court could not possibly conclude that Medina payroll record represents the last day plaintiff worked at a defendant Bolthouse location because nothing in the document establishes or even implies that. *See Razo v. AT&T Mobility Servs., LLC*, No. 1:20-cv-00172-NONE-HBK, 2021 WL 4804231, at *2 (E.D. Cal. Oct. 14, 2021) (rejecting evidence explaining the meaning of an earnings statement that was incorporated by a specific reference made in the complaint because "documents incorporated by reference must be viewed in a light most favorable to plaintiff").

[6] The two district court cases cited in defendant Bolthouse in reply regarding the appropriateness of raising a statute of limitations defense through a motion to dismiss (Doc. No. 12 at 12) are inapposite because in those cited cases the statute of limitations defense was apparent from the face of the allegations of the complaint or judicially noticeable documents. As noted, such is not the case here.

8

Commission's ('IWC') wage orders in determining whether an employment relationship exists." *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJN, 2012 WL 5704403, at *12 (E.D. Cal. Nov. 15, 2012). Under the IWC's wage orders, "[t]o employ . . . has three alternative definitions. It means: (a) to exercise control over wages, hours or working conditions, *or* (b) to suffer or permit to work, *or* (c) to engage, thereby creating a common law employment relationship." *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010); *see also* Cal. Code Regs. tit. 8, § 11140.

The AWPA has adopted the Fair Labor Standards Act (FLSA) definition of "employ." 29 U.S.C. § 1802(5). Under the FLSA, the term "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g). The regulations implementing the AWPA also provide that the "definition of the term employ includes the joint employment principles applicable under the [FLSA]." 29 C.F.R. § 500.20(h)(5); *see also Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997). Generally, joint employment will describe a situation where a single employee works for more than one employer at the same time. *Doe v. D.M. Camp & Sons*, 624 F. Supp. 2d 1153, 1164 (E.D. Cal. 2008). To determine whether a joint employer relationship exists under the FLSA, courts in the Ninth Circuit employ a four-part "economic reality" test that evaluates whether an entity: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Lesnik*, 374 F. Supp. 3d at 942 (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985)).

In his FAC, plaintiff has not alleged sufficient facts to support his asserted legal conclusion that defendant Bolthouse jointly employed him with defendant Medina, or any one of the other three named defendants.[7] Plaintiff simply does not allege any facts regarding his relationship with defendant Bolthouse. In fact, defendant Bolthouse is not even mentioned in the

---

[7] Plaintiff's FAC does allege that defendant Medina was the "former employer of Plaintiff and the current or former employer of the putative Class members." (Doc. No. 1 at 14, § 4.) As noted above, defendant Bolthouse agrees, stating in its pending motion that "Defendant [Medina] briefly employed Plaintiff . . . from October 17, 2016 to May 28, 2017 as an agricultural worker." (Doc. No. 8 at 10.)

1    FAC because all "defendants" are lumped together therein by plaintiff as a single entity.  The
2    dearth of factual allegations and failure to differentiate (or even name) the individual entity
3    defendants compels the conclusion that plaintiff has not adequately alleged the existence of an
4    employment relationship with defendant Bolthouse under state or federal law.  *See Haralson v.*
5    *United Airlines, Inc.*, 224 F. Supp. 3d 928, 939 (N.D. Cal. 2016) ("While [the] plaintiff is not
6    required to conclusively establish that defendants were her joint employers at the pleading stage,
7    [the] plaintiff must at least allege *some* facts in support of this legal conclusion."); *Johnson v.*
8    *Serenity Transportation, Inc.*, No. 3:15-cv-02004-JSC, 2016 WL 270952, at *11 (N.D. Cal. Jan.
9    22, 2016) ("[A] plaintiff seeking to hold multiple entities liable as joint employers must plead
10   specific facts that explain how the defendants are related and how the conduct underlying the
11   claims is attributable to each defendant."); *Terrell v. Samuel, Son & Co. (USA)*, No. 5:20-cv-
12   00587-JGB-KK, 2020 WL 5372107, at *3 (C.D. Cal. Apr. 23, 2020) (granting a motion to
13   dismiss where "Plaintiff's allegations against [alleged joint employer] Defendants are entirely
14   undifferentiated").

15          Although almost all of plaintiff's allegations are legal conclusions that the court may
16   disregard, *see, e.g.*, (Doc. No. 1 at 15, ¶¶ 6–8), he does allege that "Plaintiffs entered into working
17   arrangements with Defendants . . . at or near the time Defendants hire[d] each plaintiff" and that
18   defendants allegedly "employed . . . thousands of seasonal agricultural workers." (*Id.* at 19, ¶
19   19.)  However, the FAC fails to allege even the most basic facts regarding these working
20   arrangements such as, identifying the parties to the working arrangements and identifying what
21   role each party played with respect to hiring and firing, setting of wages and hours, directing
22   when and where workers were to report to, and so on.  *See Perez v. DNC Parks & Resorts at*
23   *Asilomar, Inc.*, No. 1:19-cv-00484-DAD-SAB, 2019 WL 5618169, at *7 (E.D. Cal. Oct. 31,
24   2019) ("To make a plausible joint employer claim, plaintiff must allege some specific facts such
25   as whether defendant pays the employee's salary and taxes, owns the equipment necessary for the
26   employee to perform his job, has authority to hire, train, fire, or discipline the employee, or has
27   discretion to set the employee's salary.") (internal quotations omitted).  Courts routinely dismiss
28   pleadings that are, like plaintiff's FAC, bereft of alleged factual support for an asserted joint

employer relationship among several named entity defendants. *See, e.g.*, *Valencia v. N. Star Gas Co.*, 291 F. Supp. 3d 1155, 1160–62 (S.D. Cal. 2018) (dismissing claims brought against a defendant where the plaintiff's allegations that the defendant was a "co-employer responsible for all human resources functions . . . [that] sets and negotiates rates of pay" and "schedules and hours" were deemed insufficient to sufficiently assert a joint employer relationship under state and federal law); *Bravo v. On Delivery Servs., LLC*, No. 18-cv-01913-EMC, 2018 WL 2387835, at *1 (N.D. Cal. May 25, 2018) (granting a motion to dismiss because there were "no factual allegations in the complaint regarding the nature of the alleged joint relationship"); *Myles v. Builders Concrete, Inc.*, No. 1:21-cv-01309-DAD-BAK, 2022 WL 2318176, at *3 (E.D. Cal. June 28, 2022) (dismissing all claims brought against four entity defendants where the only factual allegations in support of a joint employer relationship were that it was "evidenced by [plaintiff's] paychecks and company documents").

For the noted reasons, plaintiff has failed to state any cognizable claims against defendant Bolthouse for violations of the California Labor Code or the AWPA because his FAC is lacking any factual allegations that defendant Bolthouse jointly employed plaintiff. Thus, defendant Bolthouse's motion to dismiss will be granted to the extent it is based on plaintiff's failure to adequately allege the existence of a joint employer relationship.[8]

---

[8] The court will also dismiss plaintiff's remaining claim brought against defendant Bolthouse under California's UCL because it is derivative of his inadequately alleged violations of California's Labor Code. (Doc. No. 1 at 29); *see Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 961 (N.D. Cal. 2016) ("[L]iability under the UCL is generally derivative of liability under another statutory violation."); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1011 (N.D. Cal. 2016) (dismissing UCL claim to the extent it was based on California Labor Code violations that were also being dismissed). Moreover, as defendant Bolthouse points out, plaintiff "seek[s] a declaration" that the conduct alleged in the complaint is "unfair and unlawful" and that "injunctive relief should be issued restraining Defendants from engaging in any of the above described unfair and unlawful business practices *in the future*," but also concedes that he was "discharged and/or resigned from Defendants employ." (Doc. No. 1 at 17, 26, 30, 32) (emphasis added). The Ninth Circuit has held that former employees cannot seek declaratory or injunctive relief for ongoing or future employment practices and policies, and plaintiff includes no allegations in his FAC or presents any arguments in his opposition to the pending motion addressing how injunctive or declaratory relief would be appropriate in this case. *See Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864–65, 867–68 (9th Cir. 2017) (holding that former employee's requests for injunctive and declaratory relief were moot because there was no "reasonably certain basis for concluding he or she has some personal need for prospective relief"

1  **C.      Whether to Stay or Dismiss This Action Under *Colorado River***

Lastly, defendant Bolthouse contends that this action should be dismissed or stayed pursuant to the Supreme Court's holding in in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). (Doc. No. 8 at 22–24.)

Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," the Supreme Court has recognized that federal courts may dismiss or stay a case "in situations involving the contemporaneous exercise of concurrent jurisdictions . . . by state and federal courts." *Colorado River*, 424 U.S. at 817. This power stems from the court's "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). The court's power to stay or dismiss a case under *Colorado River*, however, is "considerably . . . limited" and only applies in "exceptional" circumstances. *Id.* at 818; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25–26 (1983) (noting that the court's task is "not to find some substantial reason for the *exercise* of federal jurisdiction" but rather "to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction"); *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (noting that circumstances warranting a stay under the *Colorado River* doctrine are "exceedingly rare"); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("[T]he *Colorado River* doctrine is a narrow exception.").

In the Ninth Circuit, eight factors are to be considered in determining the appropriateness of a dismissal or stay under *Colorado River*:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides

---

or that the employer's policy "has adversely affected and continues to affect a present interest" of the plaintiff's). Accordingly, the court will also dismiss plaintiff's request for injunctive and declaratory relief without leave to amend. *See Barajas v. Blue Diamond Growers Inc.*, No. 1:20-cv-0679-JLT-SKO, 2022 WL 1103841, at *23 (E.D. Cal. Apr. 13, 2022) (dismissing a prayer for injunctive relief without leave to amend) (collecting cases).

the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (citing *Holder*, 305 F.3d at 870). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988). "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Some factors may not apply in some cases, and, in some cases, a single factor may decide whether a stay is permissible." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021) (internal quotations and citations omitted).

In the Ninth Circuit, particular attention is paid to the eighth factor: "In this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit." *Holder*, 305 F.3d at 859. Indeed, if "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.7 (9th Cir. 1993). In this regard, the Ninth Circuit has explained:

> Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceeding will resolve the federal action precludes the granting of a stay. . . . "When a district court decides to . . . stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. *If there is any substantial doubt as to this*, it would be a serious abuse of discretion to grant the stay or dismissal at all. . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."

*Id*. at 913 (quoting *Moses H. Cone*, 460 U.S. at 28); *see also State Water*, 988 F.3d at 1204 ("We have repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court."). On the other hand, courts

should be "particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

Defendant Bolthouse contends that plaintiff Rhina Beatriz Carrillo filed a class action complaint in the Kern County Superior Court (the "*Carrillo* action") on April 30, 2019, which is before plaintiff Julio Mayen filed this action on October 28, 2020, and that a stay of the present action is therefore warranted. (Doc. No. 8 at 23.) The complaint in the *Carrillo* action, attached to the declaration of defendant Bolthouse's counsel filed in support of the pending motion, shows that it was brought against the same five defendants named in the present action and that nearly the same claims were asserted in both cases. (*Compare* Doc. No. 8-1 at 13–29 *with* Doc. No. 1 at 12–31.) However, the claims asserted in the two actions differ slightly, because a claim under federal law for violation of the AWPA was asserted in the present action but not in the *Carrillo* action.[9] (*Compare* Doc. No. 8-1 at 13 *with* Doc. No. 1 at 12.) Notwithstanding this difference, defendant Bolthouse argues that "the very same claims" pending in the *Carrillo* action are "now pending in this case" because plaintiff's "time-barred AWPA claim [] should be dismissed," meaning "the *Carrillo* action would conclusively resolve all claims brought by Plaintiff in this action." (Doc. Nos. 8 at 23; 12 at 11.) The court observes that plaintiff has failed to meaningfully oppose defendant Bolthouse's argument that this action should be dismissed or stayed pursuant to the Supreme Court's decision in *Colorado River*. (Doc. No. 11 at 9.)

Nonetheless, the court concludes that consideration of the *Colorado River* factors weighs against issuing a stay.[10] Beginning with the eighth factor, which is dispositive, the court concludes that there is substantial doubt as to whether the proceedings in state court in the *Carrillo* action will resolve all the issues presented in this federal action. *See State Water*, 988

---

[9] In *Carrillo*, the plaintiff has asserted a claim for failure to maintain required records, which is absent in the present action. (*Compare* Doc. No. 8-1 at 13 *with* Doc. No. 1 at 12.)

[10] "Although *Colorado River* involved dismissal of a federal suit, we generally require a stay rather than a dismissal. That is because [a] stay ensures that the federal forum will remain open if for some unexpected reason the state forum . . . turn[s] out to be inadequate." *State Water*, 988 F.3d at 1202 n.3 (internal quotations and citations omitted).

F.3d at 1203 ("[T]h[e] [eighth] factor should be addressed 'as a preliminary matter.'"). Although all but one of the claims brought in the *Carrillo* action and the present action overlap, a federal claim under the AWPA has not been asserted in the *Carrillo* action, and this difference alone is fatal to defendant Bolthouse's request for a *Colorado River* stay. The *Carrillo* action simply cannot resolve plaintiff's AWPA claim because the plaintiff in the *Carrillo* action did not assert that claim in the state forum.[11] *Id.* at 1204–08 (finding that the district court abused its discretion in issuing a partial stay of three state law claims that were "identical" to claims in a parallel state action brought by the same plaintiff with the same allegations underpinning the "identical" claims because the federal court action also included a fourth federal law claim that the state proceeding could not resolve "because the [plaintiff] ha[d] not raised such a claim in that forum"); *see also Martinez-Sanchez v. Anthony Vineyards, Inc.*, No. 1:19-cv-01404-DAD-JLT, 2020 WL 469341, at *5 (E.D. Cal. Jan. 29, 2020) (denying a stay under *Colorado River*, in part, due to the presence of an AWPA claim in the federal court action that was absent from the parallel state court action). Defendant Bolthouse only addresses this difference between the two actions by arguing that plaintiff's AWPA claim is barred under the applicable statute of limitations, thus maintaining that the two actions are identical *after* dismissing the AWPA claim. (Doc. Nos. 8 at 23 n.4; 12 at 11.) But as the court has concluded above, it will not reach defendant Bolthouse's statute of limitations arguments brought in the pending motion to dismiss, and thus plaintiff's federal AWPA claim remains in this action. *Moses H. Cone*, 460 U.S. at 26 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender."); *State Water*, 988 F.3d at 1206–07 ("There is a strong presumption that the presence of an additional claim in the federal suit means that *Colorado River* is inapplicable.").

In addition, due to the paucity of factual allegations presented in the operative complaints in both actions and the lack of information before the court regarding the status of class

---

[11] The Ninth Circuit in *State Water* found that the strong presumption against staying an action could be overcome through "clear-cut evidence of forum shopping." *State Water*, 988 F.3d at 1206–07. However, here, defendant Bolthouse does not argue that plaintiff was forum shopping, nor could it, because this case is only in federal court because of defendant Bolthouse's removal of the case. Otherwise, both actions would have been pending in the Kern County Superior Court.

1  /////

2  /////

3  /////

4  certification in *Carrillo*,[12] the court has no assurance that the *Carrillo* action encompasses plaintiff as a class member or that it covers the factual theories underpinning plaintiff's claims brought in this case. In short, it remains unclear whether resolution of the purportedly overlapping state law claims in the *Carrillo* action would completely resolve the present dispute between plaintiff Julio Mayen and the common defendants. *Moses H. Cone*, 460 U.S. at 28 (noting a district court will find a *Colorado River* stay appropriate when it "concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues *between the parties*"); *State Water*, 988 F.3d at 1204 ("[T]he requirement of 'parallel' state court proceedings implies that those proceedings are sufficiently similar to the federal proceedings to provide relief for *all of the parties' claims*.") (quoting *Intel Corp.*, 12 F.3d at 913 n.4).

Because the court has substantial doubt that the *Carrillo* action will resolve the entire case before this federal court, a stay under *Colorado River* is inappropriate and the court need not address the other relevant factors. *See Intel Corp.*, 12 F.3d at 913 n.7 ("Since we find that there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for us to weigh the other factors included in the *Colorado River* analysis."). Accordingly, defendant Bolthouse's motion to stay or dismiss this action under *Colorado River* will be denied.

**D.     Leave to Amend**

Having determined that all of plaintiff's claims against defendant Bolthouse should be dismissed based on plaintiff's failure to adequately allege a joint employer relationship, the court must determine whether plaintiff should be granted leave to file a second amended complaint to

---

[12] The only information before the court regarding the status of the *Carrillo* action is defendant Bolthouse's contention in its reply brief that the *Carrillo* action "has progressed substantially further than this federal action through extensive discovery." (Doc. No. 12 at 11.)

attempt to cure the noted pleading deficiency.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, however, courts will generally grant leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

In his opposition, plaintiff requests—in a perfunctory manner—that the court grant him further leave to amend. (Doc. No. 11 at 9.) Defendant Bolthouse maintains that plaintiff's opposition brief does not identify any alleged facts that plaintiff could plead if granted such leave, but does not assert that the granting of further leave to amend would result in prejudice, bad faith, or undue delay. (Doc. No. 12 at 10.) The court agrees that plaintiff has offered little reason to suggest that he is capable of adequately alleging a joint employer relationship with respect to defendant Bolthouse. However, at this early stage of the litigation, and given that plaintiff has not had an opportunity to address the pleading deficiencies now identified by the court, leave to file an amended pleading is appropriate. *See Corinthian Colleges*, 655 F.3d at 995 ("The standard for granting leave to amend is generous."); *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015) ("It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile."). Leave to amend will be limited, however, to additional allegations of a joint employer relationship between plaintiff and defendant Bolthouse. Plaintiff should heed the court's direction in this order as to what the law requires to adequately allege a joint employer relationship and consider whether he is able to do so in good faith before filing a second amended complaint.

/////

/////

17

**CONCLUSION**

For the reasons explained above:

1. The court denies in part and grants in part defendant Bolthouse's motion to dismiss (Doc. No. 8) as follows:

    a. The court grants defendant Bolthouse's motion to dismiss plaintiff's first through eighth claims due to plaintiff's failure to adequately allege a joint employer relationship;

    b. The court grants defendant Bolthouse's motion to dismiss plaintiff's ninth claim to the extent it is derivative of plaintiff's insufficiently alleged first through eighth claims;

    c. The court grants defendant Bolthouse's motion to dismiss plaintiff's prayer for injunctive relief and request for declaratory relief without leave to amend; and

    d. Plaintiff is granted leave to file a second amended complaint to address the deficiencies identified in this order with respect to the existence of a joint employer relationship as to defendant Bolthouse;

    e. Defendant Bolthouse's motion to dismiss or stay this action is otherwise denied.

2. The court dismisses defendants Bolt House Farms, Bolthouse Farms Cuyama, and Bolthouse Farms Kern County from this action pursuant to Federal Rule of Civil Procedure 4(m).

3. The Clerk of the Court is directed to update the docket to reflect that defendants Bolt House Farms, Bolthouse Farms Cuyama, and Bolthouse Farms Kern County have been terminated from this action.

/////
/////
/////
/////

4.   Within twenty-one (21) days of the date of this order, plaintiff shall file any second amended complaint or notify the court of his intention to proceed on his first amended complaint only against the remaining defendant Medina.

IT IS SO ORDERED.

Dated:   **August 17, 2022**

_____
UNITED STATES DISTRICT JUDGE