1  Kevin A. Lipeles (Bar No. 244275)
2  Kevin@kallaw.com
   Thomas H. Schelly (Bar No. 217285)
3  Thomas@kallaw.com
4  **LIPELES LAW GROUP, APC**
   880 Apollo Street, Suite 336
5  El Segundo, California 90245
6  Telephone: (310) 322-2211
   Fax: (310) 322-2252
7
8  Attorneys for Plaintiff
9  Julio Mayen
10
11           **UNITED STATES DISTRICT COURT**
12          **EASTERN DISTRICT OF CALIFORNIA**
               **FRESNO DIVISION**
13

| | |
|---|---|
| 14  JULIO MAYEN, an individual, on his own behalf and on behalf of all others similarly situated, | **CASE NO.: 1:21-cv-00318-DAD-JLT** |
| 15 | |
| 16 | **Assigned to: Hon. Dale A. Drozd** |
| 17   Plaintiffs, | |
| 18  vs. | **CLASS ACTION** |
| 19 | **SECOND AMENDED** |
| 20  MA MEDINA FARM LABOR SERVICES, INC., a California corporation; WM BOLTHOUSE FARMS, INC., a Michigan Corporation, and Does 5 through 10 inclusive, | **COMPLAINT FOR:** |
| 21 | 1. **FAILURE TO PAY OVERTIME;** |
| 22 | 2. **FAILURE TO PAY MINIMUM WAGE;** |
| 23 | |
| 24 | 3. **FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS;** |
| 25   Defendants. | |
| 26 | 4. **FAILURE TO PAY WAGES DUE UPON TERMINATION;** |
| 27 | 5. **REST BREAK VIOLATIONS;** |
| 28 | |

1

6. **MEAL PERIOD VIOLATIONS;**
7. **FAILURE TO REIMBURSE EXPENSES;**
8. **VIOLATION OF MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT; and**
9. **UNFAIR COMPETITION**

**DEMAND FOR A JURY TRIAL**

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and his counsel. Each allegation has evidentiary support, or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISIDICTION AND VENUE

1.    This Court has jurisdiction over this Complaint under *Code of Civil Proc.* §410.10. This action is brought under *Code of Civil Procedure* §382, the procedural provisions of *Federal Rules of Civil Procedure, Rule* 23 and *Business & Professions Code* §§17200 *et seq.* Plaintiff Julio Mayen brings this Complaint on his own behalf and on behalf of all persons in the Class as defined in ¶10 below, and as private attorney general on behalf of the general public.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

2. Venue is proper in this Court pursuant to *Code of Civil Proc.* §§395 and 395.5, because the claims made, and the *Labor Code* violations as against the persons identified herein, occurred in the County of Kern and because each of the Defendants owned and operated their businesses in the County of Kern.

## THE PARTIES

## PLAINTIFF

3. Julio Mayen is, and at all times material hereto was:

 (a) An individual who resides in the County of Kern, California;

 (b) A seasonal agricultural worker within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C §1802;

 (c) Was not paid overtime as required by the applicable Wage Order;

 (d) Was not paid the minimum wage as required by the applicable Wage Order;

 (e) Was not reimbursed for expenses necessarily incurred or losses necessarily incurred in the execution of his job duties;

 (f) Was not provided with legally mandated uninterrupted rest breaks;

 (g) Did not receive accurate wage statements as mandated by *Labor Code* §226; and

 (h) When terminated from his employment, did not receive his final paycheck within the time limits prescribed by *Labor Code* §201.

////

///

///

SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

**<u>DEFENDANTS</u>**

4.      Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant MA Medina Farm Labor Services, Inc.. is, and at all times mentioned herein was:

(a)     A California corporation authorized to conduct business, and actually conducting business, in California and Kern County;

(b)     A farm labor contractor engaged in the business of providing agricultural workers/agricultural employees who work on land located primarily in Kern County, California to various employers;

(c)     The former employer of Plaintiff and the current or former employer of the putative Class members;

(d)     Paid the Plaintiff and all Class Members on an hourly basis as non-exempt employees; and

(e)     Failed to pay overtime to Plaintiff and all putative Class members, failed to pay Plaintiff and all putative Class members the mandated minimum wage, failed to pay Plaintiff and all putative Class members for missed or interrupted meal and rest breaks, failed to comply with the AWPA standards, failed to reimburse Plaintiff and all putative Class members for all reasonably incurred work related expenses, failed to provide Plaintiff and all putative Class members with accurate itemized wage statements, and failed to issue final paychecks timely to Plaintiff and all putative Class members. Each of these transgressions was a violation of the *Labor Code*, the AWPA, and/or the applicable Wage Order.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

5.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant WM Bolthouse Farms, Inc. is, and at all times mentioned herein was:

(a)    A Michigan corporation authorized to conduct business, and was actually conducting business, in California and Kern County;

(b)    A farm owner engaged with defendant MA Medina Farm Labor Services, Inc. for the provision of farm laborers including Plaintiff and all putative Class members;

(c)    A joint employer of Plaintiff and all putative Class members;

(d)    In control of instructing and directing Plaintiff and all putative Class members what work to do and in which fields belonging to defendant WM Bolthouse Farms, Inc.;

(e)    In control of setting and directing the hours which Plaintiff and all putative Class members would in fields belonging to defendant WM Bolthouse Farms, Inc.;

(f)    In control of recording and maintaining the hours which Plaintiff and all putative Class members would in fields belonging to defendant WM Bolthouse Farms, Inc.;

(g)    In control of setting the hours which Plaintiff and all putative Class members would in fields belonging to defendant WM Bolthouse Farms, Inc.;

(h)    In control of determining whether Plaintiff and all putative Class members would be paid hourly or piece rate for work in fields belonging to defendant WM Bolthouse Farms, Inc.;

6.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendant DOES 5 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by

such fictitious names pursuant to *Code of Civil Proc.* §474. The Plaintiff will seek leave to amend his Complaint to allege the true names and capacities of DOES 5 through 10, inclusive, when they are ascertained.

7.      Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant DOES 5 through 10 are persons, corporations or other entities which reside in or are authorized to do, or are otherwise doing, business in the state of California. Each of the Defendants DOES 5 through 10 was the managerial agent, employee, predecessor, successor, joint-venturers, co-conspirator, alter ego and/or representative of one or more of the other Defendants named herein, and acting with permission, authorization, and/or ratification and consent of the other Defendants.

8.      Plaintiff is informed and believes, and based on that information and belief alleges, that the Defendants named in this Complaint, including DOES 5 through 10, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

9.      Plaintiff is informed and believes, and based on that information and belief alleges, that Defendants named in this Complaint, including DOES 5 through 10, inclusive, are, and at all times mentioned herein were, the agents, servants, and/or employees of each of the other Defendants and that each Defendant was acting within the course and scope of his, hers or its authority as the agent, servant and/or employee of each of the other Defendants. Consequently, all of the Defendants are jointly and severally liable to the Plaintiff, and the Class, for the damages sustained as a proximate result of their conduct.

10.      Plaintiff is informed and believes, and based on that information and belief alleges, that the Defendants named in this Complaint, including DOES 5 through 10, inclusive, knowingly and willfully acted in concert,

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

conspired and agreed together among themselves and entered into a combination and systemized campaign of activity to *inter alia* damage Plaintiff, and the Class, and to otherwise consciously and/or recklessly act in derogation of the rights of Plaintiff and the Class, and the trust reposed by Plaintiff, and the Class, in each of the Defendants, the acts being negligently and/or intentionally inflicted. Their conspiracy, and Defendants' concerted actions, were such that, to Plaintiff's information and belief, and to all appearances, Defendants, and each of them, represented a unified body so that the actions of one Defendant were accomplished in concert with, and with the knowledge, ratification, authorization and approval of each of the other Defendants.

## CLASS ALLEGATIONS

### A. The Definition Of The Class

11.    The Class ("the Class") shall consist of the following Subclasses:

"All persons who were employed by Defendants as seasonal agricultural workers – within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C §1802 – picking and/or harvesting and/or field packing vegetables and/or other crops in the State of California at any time during the period commencing on the date that is within four (4) years prior to the filing of this Complaint and continuing through the present date (the "Class Period")"

"All persons who were employed by Defendants as seasonal agricultural workers – within the meaning of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C §1802 – picking and/or harvesting and/or field packing vegetables and/or other crops in the State of California and thereafter left the employ of Defendants at any time during the

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

period commencing on the date that is within one (1) year prior to the filing of this Complaint and continuing through the present date (the "Class Period")"

**B. <u>Maintenance of the Action</u>**

12.    Plaintiff brings this action individually and on behalf of himself and as representative of all similarly situated persons under *Business & Professions Code* §§17203 and 17204 and *Code of Civil Procedure* §382.

**C. <u>The Class Requisites</u>**

13.    At all material times, Plaintiff was a member of the Class.

14.    The Class action meets the statutory prerequisites for maintaining a class action under *Code of Civil Procedure* §382 in that:

(a)    The persons who comprise the Subclasses are so numerous that the joinder of all those persons is impracticable and the disposition of their claims as a Class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the Subclasses and will apply uniformly to every Class member;

(c)    The claims of the representative Plaintiff are typical of the claims of each Subclass member. Plaintiff, like all Subclass members, has sustained damages arising from Defendants' violations of the laws of the state of California. Plaintiff, and the Class members, were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct engaged in by the Defendants;

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

(d)    The representative Plaintiff has, and will continue to, fairly and adequately represent and protect the interests of the Subclasses and has retained counsel who are competent and experienced in class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the Class members that would make class certification inappropriate. Counsel for the Class will vigorously assert the claims of all Class members.

15.    The persons who comprise the Subclasses are so numerous that joining all of them is impracticable, and jointly adjudicating their claims will benefit the parties and the Court. Plaintiff's claims are typical of the claims of the Subclasses that Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the Subclasses he seeks to represent. Plaintiff does not have any interests that are antagonistic to the Subclasses he seeks to represent. Counsel for Plaintiff are experienced, qualified and generally able to conduct complex class action litigation.

16.    The Court should permit the action to be maintained as a class action under *Code of Civil Procedure* §382 because:

(a)    The questions of law and fact common to the Subclasses predominate over any question affecting only individual members:

(b)    A class action is superior to any other available method for fairly and efficiently adjudicating the claims of the Subclasses;

(c)    The Subclass members are so numerous that it is impractical to bring all of them before the Court;

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

(d)   Plaintiff and other Subclass members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and injuries for which Defendants are responsible in an amount sufficient to adequately compensate the Subclass members;

(f)   Without Class certification, the prosecution of separate actions by individual Class members would create a risk of:

     i.   Inconsistent or varying adjudications for individual Subclass members that would establish incompatible standards of conduct for Defendants; and/or,

     ii.   Adjudication for individual Subclass members that would, as a practical matter, dispose of other non-party members' interests, or that would substantially impair or impede the non-parties' ability to protect their interests, by, for example, potentially exhausting the funds available from Defendants, and

(g)   Defendants have acted or refused to act on grounds generally applicable to the Subclasses, making final injunctive relief appropriate for the Class, as a whole.

17.   Plaintiff contemplates eventually issuing notice to the proposed Subclass Members that would set forth the subject and nature of the action. The Defendants' own business records may be utilized for assisting to prepare and issue the contemplated notice. To the extent that any further notices may be required, Plaintiff would contemplate using additional media and/or mailing.

///

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

**THE CONDUCT**

18.     Defendants are farm owners and farm labor contractors that are engaged in providing and employing agricultural workers/employees who work on land located in Kern County, California that is owned by various companies. The work consists primarily of harvesting, packing, and packaging various crops. During the relevant period, Defendants employed, as that term is used in U.S.C. §1892, thousands of seasonal agricultural workers in its harvesting, field packing, and packaging business.

19.     The employment by Defendants of the Class Members, and each them, is governed by Industrial Welfare Commission Wage Order 14, which covers those persons employed in the agricultural industry, harvesting, picking and field packing crops.

20.     During the relevant time period, Plaintiffs entered into working arrangements with Defendants. These arrangements are formed and entered into each season, at or near the time Defendants hire each plaintiff.

21.     Under these working arrangements, Defendants offered Plaintiffs jobs in their agricultural operations, and Plaintiffs accepted the job offers. By words, conduct, practice, or custom and usage, it was understood by the parties that Defendants will pay the workers an hourly rate for certain services performed and a piece rate based on production for other services. In addition, by words, conduct, practice, or custom and usage, including but not limited to posting the applicable California IWC Wage Order at the place of employment, Defendants communicated to Plaintiffs that they would follow California's wage order and laws.

22.     These working arrangements were contracts and they are and were "working arrangements" as that term is used in the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §1932(c). This working arrangement requires and required Defendants to pay Plaintiffs their agreed-

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

upon wages for all hours worked or pieces performed, to pay workers for required rest periods, and to abide in all respects by IWC Wage Order 14, which formed part of the working arrangement and/or agreement.

23.     Under California law, non-exempt employees, as defined by Wage Order 14, are entitled to payment of the mandated minimum wage for all hours worked and premium overtime wages for those hours worked in excess of 10 in a workday and for all hours worked on the sixth and seventh days of a workweek.

24.     During the relevant time period, Defendants failed to pay Plaintiff and the Class for time at the beginning of the work day during which they have been subject to Defendants' control and/or have been suffered or permitted to work. Plaintiff and the Class performed off-the-clock work that was essential to the job but went unpaid and unrecorded.

25.     During the relevant period, Plaintiff and the Class performed off-the-clock work at the end of the "scheduled" shift. In addition, Plaintiff and the Class were required to wait for the "puncher" to count their boxes after the end of their shift. This post-shift work was essential to the job but it was unrecorded and unpaid.

26.     By not recording off-the-clock work, Defendants failed to comply with IWC Wage Order 14, §7, and 29 U.S.C. §1831(c) by failing to maintain time records demonstrating when employees begin and end each work period and each employee's total daily hours worked.

27.     Plaintiff and the Class routinely worked more than ten hours in a workday. During the Class Period, Defendants' policy and practice was not to compensate Plaintiff and the Class for any of those hours worked in excess of ten in a workday, in violation of Wage Order 14 and the *Labor Code*.

28.     Defendants failed to pay Plaintiff and the Class the legal minimum wage under California and Federal law.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

29.     Plaintiff and the Class routinely worked more than ten hours in a workday and seven days in a workweek. During the Class Period, Defendants did not (1) pay Plaintiff and the Class premium wages for hours worked on the sixth and seventh days of a workweek, and (2) and did not pay Plaintiff and the Class premium wages for hours worked in excess of ten in a workday, as required by the *Labor Code* and Wage Order 14.

30.     As a result of Defendants' failure to compensate Plaintiff and the Class premium wages for overtime worked and for all hours worked, the wage statements issued to Plaintiff and the Class by Defendants did not comply with *Labor Code* §226 in that they did not accurately reflect all wages earned and due and owing.

31.     As a further result of Defendants' failure to compensate Plaintiff and the Class premium wages for overtime worked and for all hours worked, when Plaintiff and the Class left their employ, the were not timely paid all wages due them, as required by *Labor Code* §§201 and 202.

32.     Defendants failed to pay Plaintiff and the Class all wages due when paid by piece rate. In addition, Plaintiffs worked shifts of over three and one half hours per day and were not provided paid rest breaks when paid by the piece. When Plaintiffs worked on a piece rate basis, they only earned money for pieces. Defendant did not separately account for or pay for any rest periods during such piece rate work.

33.     Defendants failed to pay Plaintiff and the Class for time at the beginning of the work day during which they have been subject to Defendants' control, had been suffered or permitted to work, or both. Plaintiff and the Class performed "off-the-clock" unpaid and unrecorded work organizing materials and equipment essential for harvesting or other types of work that day, and donning work clothes. Such "off-the-clock" pre-shift work includes: arriving to work from 10-30 minutes before the start of the shift, donning "overalls" and

boots, sharpening knives used for work, lining up to sign in on crew attendance sheets, pre-shift exercises, mandatory pre-shift schooling and/or safety meetings, among other tasks. This "pre-shift" time was unrecorded and unpaid.

34.    By various means, including but not limited to verbal, actions, custom and practice, and/or the posting of Wage Order 14, at the place of employment, Defendants communicated that they would provide to Plaintiff and the Class all necessary tools and equipment.

35.    During the relevant period, Plaintiff and the Class were required to provide their own tools that were necessary to the performance of the work required of them. Plaintiff and the Class were required to purchase tools and equipment and other items that were indispensable to adequate job performance and to complete their work.

36.    Plaintiff and the Class were required to purchase tools necessary for work and Defendants have not reimbursed them for those expenditures.

37.    During the relevant period, Defendants required Plaintiff and the Class to travel between fields to perform various work tasks. Plaintiff and the Class were required to pick two or three different types of vegetables per day. Therefore, Plaintiff and the Class were required to change blocks or ranches in the middle of the work day; sometimes as often as 2 to 3 times per day, six days per week. Generally Plaintiff and the Class were required to travel 10-15 minutes between blocks or ranches for each occurrence. Defendants did not record or pay workers for this travel time between fields, as Plaintiff and the Class worked on a piece rate basis during such travel. In addition, because Defendants did not provide buses or other transportation to workers so that they could travel between blocks or ranches in the middle of their shifts, Plaintiff and the Class used their own vehicles to travel from field to field. Defendants did not reimburse Plaintiff and the Class for their vehicle use for travel between

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants' fields during the course of a work shift, in violation of California law.

38.     During the relevant period, Plaintiff and the Class have quit their employment during or between the various harvest seasons, or have been laid off or discharged, either permanently or for the duration of the season, at the end of or during a season. Defendants have failed to pay them all wages owed to them at the time they quit or are laid off or discharged.

39.     Such conduct constitutes unlawful and unfair business practices within the meaning of Business and Professions Code §17200, et seq.

## FIRST CAUSE OF ACTION

### (Failure To Pay Overtime – against All Defendants)

40.     Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

41.     During the four years immediately prior to the filing of this action, Defendants were required to compensate Plaintiff and the Class with premium pay for all hours worked in excess of 10 in a workday and/or on the sixth and seventh days of a workweek, pursuant to IWC Wage Order 14 (8 *Cal. Code Regs.* §11140(3)(A)).

42.     As alleged herein, during the four years preceding the filing of this action, Plaintiff and the Class routinely worked more than ten hours daily and on the sixth day of a workweek, and Defendants did not pay Plaintiff and the Class premium wages for the overtime hours they worked.

43.     At all times relevant hereto, *Labor Code* §1194(a) has provided that employees who have not been paid overtime can recover the unpaid balance of the overtime wages due, with interest thereon, and reasonable attorney fees and costs of suit.

44.     By virtue of Defendants' unlawful failure to pay overtime to the Plaintiff and the Class, Plaintiff and the Class have suffered, and will continue

to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, but which exceed the jurisdictional limits of the Court and which will be ascertained according to proof at trial.

45.     Defendants acted or are acting intentionally, oppressively and maliciously toward Plaintiff and the Class, with conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

46.     Plaintiff, individually, and on behalf of employees similarly situated, requests to recover overtime compensation pursuant to *Labor Code* §1194(a) and 8 *Cal. Code Regs.* §11140(3)(A), as well as the assessment of any statutory penalties against each Defendant, in a sum as provided by the *Labor Code* and/or any other statutes. Further, Plaintiff and the Class are entitled to and request reasonable attorney fees and costs pursuant to *Labor Code* §§218.5 and 1194(a).

## SECOND CAUSE OF ACTION

### (Failure To Pay Minimum Wage – against All Defendants)

47.     Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

48.     Pursuant to *Labor Code* §1197 and 8 *Cal. Code Regs.* §11140(4)(A), it is unlawful to pay employees less than the mandated minimum wage.

49.     During the entirety of the employment of Plaintiff and the Class, Defendants were required to compensate them at the mandated minimum wage but failed to do so, in violation of *Labor Code* §1197 and Wage Order 14 by:

    a.     failing to pay for all hours worked;

    b.     failing to pay overtime for all hours worked in excess of ten in a workday and on the sixth and seventh days of a workweek;

    c.     taking them "off the clock" to avoid paying overtime;

16

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

d.    failing to record accurately the time they worked; and

e.    all other reasons to be discovered.

50.    Defendants knowingly refused to perform their obligations to compensate Plaintiff and the Class for all minimum wages earned and all hours worked. As a direct and proximate result of Defendants' conduct, Plaintiff and the Class suffer and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney fees in seeking to compel Defendants to fully perform the obligations under the *Labor Code* and Wage Order 14, all to their respective damage in amounts according to proof.

51.    Therefore, pursuant to *Labor Code* §§200, 203, 218.5, 226, 558 and 1194, Plaintiff and the Class are entitled to recover the unpaid balances of the minimum wages Defendants owe them, plus interest, penalties, attorney fees, expenses and costs of suit, in amounts according to proof.

52.    Pursuant to *Labor Code* §1194.2(a), Plaintiff and the Class are entitled to recover liquidated damages in amounts equal to the wages unlawfully unpaid and interest thereon.

## THIRD CAUSE OF ACTION

**(Failure To Provide Itemized Wage Statements – against All Defendants)**

53.    Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

54.    *Labor Code* §226(a) requires that with each paycheck, Defendants issue to Plaintiffs and the Class wage stubs accurately showing the number of hours they worked at the effective rates of pay and the effective overtime rates of pay, the resulting gross and net wages earned and the resulting deductions made.

55.    Throughout the Class Period, Defendants intentionally failed to furnish Plaintiff and the Class, upon payment of wages, itemized statements

accurately showing the total number of hours worked, the applicable hourly rates in effect during each pay period, the corresponding hours worked at each hourly rate, the resulting gross and net wages earned, and the resulting deductions made.

56.    Plaintiff and the Class were damaged by these failures because, among other things, the failures led them to believe that they were not entitled to be paid for overtime and all hours worked, even though they were so entitled and these failures hindered them from determining the amounts of wages owed to them.

57.    Plaintiff and the Class are entitled to the amounts provided in *Labor Code* §226(e), plus attorney fees and costs.

## FOURTH CAUSE OF ACTION

### (Failure To Pay Wages Upon Termination And/Or Resignation – against All Defendants)

58.    Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

59.    *Labor Code* §201(a) provides that a discharged employee's unpaid wages are due and payable immediately. *Labor Code* §202(a) provides that when an employee resigns from employment, unpaid wages are due and payable within 72 hours of resignation.

60.    *Labor Code* §203(a) provides that if an employer willfully fails to pay wages as mandated by *Labor Code* §§201 and 202, the employee's wages shall continue to accrue until paid, not to exceed thirty days.

61.    Plaintiff and the Class were discharged and/or resigned from Defendants' employ and Defendants willfully failed to pay Plaintiff and the Class wages due them.

18

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

62.     Under *Labor Code* §203(a), Plaintiff and the Class are entitled to one days' wages for each day he or she was not timely paid, not to exceed 30 days' wages.

63.     Plaintiff, individually, and on behalf of employees similarly situated, requests to recover those waiting time penalties under *Labor Code* §203.

### FIFTH CAUSE OF ACTION

**(Rest Break Violations – against All Defendants)**

64.     Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

65.     Pursuant to Cal. Lab. Code §226.7 and IWC Wage Order No. 14, Defendants were required to authorize and permit employees such as Plaintiff and the Class to take rest periods, based upon the total hours worked at a rate of ten minutes net rest time per four hours or major fraction thereof, with no deduction from wages.

66.     During Plaintiff's and the Class' employment, Defendants failed and refused to authorize and permit Plaintiff to take ten minute rest periods for every four hours worked or major fraction thereof, in violation of IWC Wage Order No. 14.

67.     Defendants further violated IWC Wage Order No. 14, and Cal. Lab. Code §226.7 by failing to pay Plaintiff and the Class one hour of pay at the regular rate of pay for each rest period not provided, and thus they are owed compensation in an amount according to proof. This amount remains owed and unpaid.

### SIXTH CAUSE OF ACTION

**(Failure to Pay for Meal Periods Not Provided – against all Defendants)**

68.     Plaintiff and Class realleges and incorporates by reference all of the allegations set forth in this complaint.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

69.     Cal. Lab. Code §512 and IWC Wage Order No. 14 generally require an employer to provide a meal period of not less than 30 minutes for employees who work a period of more than five hours per day, and a second meal period of not less than 30 minutes for employees who work more than 12 hours per day.

70.     Defendants violated Labor Code §512 and IWC Wage Order No. 14 by failing to provide Plaintiff and the Class the requisite 30-minute meal periods required by law.

71.     Defendants further violated IWC Wage Order No. 14, and Labor Code §226.7 by failing to pay one hour of compensation to Plaintiff at the individual and regular rate of pay for each work day that the meal period was not provided, in an amount according to proof. This amount remains owed and unpaid.

## SEVENTH CAUSE OF ACTION

### (Failure To Reimburse For Expenses Reasonably Incurred – against All Defendants)

72.     Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

73.     Labor Code §2802 provides that an employer shall indemnify its employees for all necessary expenditures or losses the employees incurred due to the discharge of his or her duties. IWC Wage Order 14 provides that tools or equipment required by the employer or that are necessary to the performance of a job shall be provided and maintained by the employer.

74.     By failing to provide the tools that were necessary for the job, by failing to reimburse non-exempt employees' expenses, or both Defendants violated Labor Code §2802 and IWC Wage Order 14, Section 9, and 29 U.S.C. §1832(c), and burdened Plaintiff and the Class with the costs of tools and equipment.

75.     By failing to provide and/or by failing to reimburse Plaintiff and the Class for expenses incurred in traveling between blocks and/or ranches, Defendant violated Labor Code Section 2802 and IWC Wage Order 14, Section 9, California Labor Code §2802 and 29 U.S.C. §1832(c), and burdened Plaintiff and the Class with the costs of travel.

76.     Plaintiff and the Class are entitled to reimbursement of all necessary expenses they incurred throughout the duration of their employment with Defendants.

77.     Plaintiff and the Class seek reimbursement of said expenses incurred throughout the duration of their employment with Defendants in an amount to be shown at trial, plus attorneys' fees, interest and costs.

## EIGHTH CAUSE OF ACTION

### (Violation Of Agricultural Worker Protection Act – against All Defendants)

78.     Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

79.     Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act by (a) failing to pay wages when due to Plaintiff and the Class, as required by 29 U.S.C. §1832(a); (b) failing to post a notice setting forth the rights and protections provided by the Act, as required by 29 U.S.C. §1831(b); and (c) violating the terms of the working arrangements made with Plaintiffs, in violation 16  of 29 U.S.C. §1832(c).

80.     Plaintiff and the Class seek recovery for all damages permitted under the code and in an amount to be proved at trial.

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2

## NINTH CAUSE OF ACTION

### (Unfair Competition – against All Defendants)

3
4

48.　Plaintiff and the Class reallege and incorporate by reference all of the allegations set forth in this complaint.

5
6
7

49.　Pursuant to applicable IWC Wage Order, Defendants were the employers of Plaintiff and the Class. Each Defendant is also a "person" as that term is defined in *Business & Professions Code* §17021.

8
9
10
11
12
13
14
15
16
17

50.　The *Business & Professions Code* defines unfair competition as any unlawful, unfair, or fraudulent business practice. At all times relevant herein, by and through the conduct described herein, Defendants have engaged in unfair and unlawful practices by failing to (1) pay Plaintiff and the Class premium wages for overtime worked, (2) pay Plaintiff and the Class for all hours worked, (3) furnish Plaintiff and the Class with accurate itemized wage statements, as mandated by the applicable *Labor Code* and Industrial Welfare Commission requirements, and (4) pay Plaintiff and the Class wages due when leaving their employ, all in violation of *Business & Professions Code* §§17200 *et seq.*

18
19
20
21
22

51.　By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property, money and services from the Plaintiff and the Class and have deprived them of valuable rights and benefits guaranteed by law all to the detriment of Plaintiff and the Class.

23
24
25
26
27
28

52.　All the acts described herein are violations of, among other things, the *Labor Code* and applicable Industrial Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of *Business & Professions Code* §§17200 *et seq.*

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

53.    Plaintiff and the Class are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendants have acquired, or of which Plaintiff and the Class have been deprived by means of the above described unfair and unlawful business practices.

54.    Plaintiff and the Class are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued restraining Defendants from engaging in any of the above described unfair and unlawful business practices in the future.

55.    Plaintiff and the Class have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of Defendants. As a result of the unfair and unlawful business practices described above, Plaintiff and the Class have suffered and will continue to suffer irreparable harm unless Defendants are restrained from continuing to engage in these unfair and unlawful business practices. In addition, Defendants should be required to disgorge the unpaid moneys to Plaintiff and the Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class respectfully pray that this Court enter judgment against each Defendant, jointly and severally as follows:

1.    For actual and compensatory damages;

2.    For general damages;

3.    For restitution and disgorgement;

4.    For injunctive relief ordering the continuing unfair business acts and practices to cease, as the Court deems just and proper;

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

     5.     For other injunctive relief ordering Defendants to notify Plaintiff that they have not been paid the proper amounts in accordance with California law.

     6.     For attorney's fees;

     7.     For costs of suit;

     8.     For prejudgment interest;

     9.     For statutory penalties; and

     10.     For such other and further relief as this Court deems just and proper.

Respectfully Submitted:

**LIPELES LAW GROUP, APC**

Date: September 7, 2022

By: _____

Kevin A. Lipeles, Esq.
Thomas H. Schelly, Esq.
Attorneys for Plaintiffs

## <u>DEMAND FOR JURY TRIAL</u>

     Plaintiff and the Class demand a jury trial on all issues triable to a jury.

**LIPELES LAW GROUP, APC**

Date: September 7, 2022

By: _____

Kevin A. Lipeles, Esq.
Thomas H. Schelly, Esq.
Attorneys for Plaintiffs

24

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## CERTIFICATE OF SERVICE

1

2          I certify and declare that I am over the age of 18 years and not a party to

3  this action and that my place of employment is in the County of Los Angeles,

   State of California, located at 880 Apollo St., Suite 336, El Segundo, California

4  90245.

5          On this date hereon, I served a true copy of the following document(s):

6  **SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND**
7                                **FOR JURY TRIAL**

8  ☑ by transmitting it via electronically to the electronic mail address listed

9  below;

| | |
|---|---|
| Anthony Raimondo, Esq.<br>apr@raimondoassociates.com<br>Gerardo V. Hernandez, Esq.<br>gvh@raimondoassociates.com<br>Steven R. Wainess, Esq.<br>srw@raimondoassociates.com<br>James D. Miller, Esq.<br>jdm@raimondoassociates.com<br>Kevin B. Piercy, Esq.<br>kbp@raimondoassociates.com<br>RAIMONDO & ASSOCIATES, a Law<br>Corporation<br>7110 N. Marks Avenue, Suite 104<br>Fresno, California 93 711<br>Telephone: (559) 432-3000<br>Facsimile: (559) 432-2242 | Attorneys for Defendant MA<br>MEDINA FARM LABOR<br>SERVICES, INC. |
| MORGAN, LEWIS & BOCKIUS LLP<br>John S. Battenfeld, Esq.<br>john.battenfeld@morganlewis.com<br>Shelryl. K. Horwitz, Esq.<br>sheryl.horwitz@morganlewis.com<br>Sonia A. Vucetic, Esq.<br>sonia.vucetic@morganlewis.com<br>300 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, CA 90071-3132 | Attorneys for Defendant<br>WM Bolthouse Farms, Inc. |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1
2

Tel: +1.213.612.2500
Fax: +1.213.612.2501

3
4

MORGAN, LEWIS & BOCKIUS LLP
Lauren G. Nikkhah,

5

lauren.nikkhah@morganlewis.com
One Market, Spear Street Tower

6
7

San Francisco, CA 94105
Tel: + 1.415.442.1000
Fax: +1.415.442.1001

8
9
10
11

I declare under penalty of perjury under the laws of the United States of

12

America that the foregoing is true and correct, and that I am employed at the
office of a member of the bar of this Court at whose direction the service was

13

made.

14
15

Executed on September 7, 2022 at El Segundo, California 90245.

16
17

Elena Monroy

18
19
20
21
22
23
24
25
26
27
28

**SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**