UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JULIO MAYEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

W.M. BOLTHOUSE FARMS, INC., *et al.*,

Defendants.

Case No. 1:21-cv-00318-KES-CDB

ORDER DISCHARGING JULY 17, 2026, ORDER TO SHOW CAUSE

(Doc. 57)

ORDER DIRECTING CLERK OF THE COURT TO CLOSE CASE PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

(Doc. 58)

Plaintiff Julio Mayen ("Plaintiff") initiated this putative class action with the filing of a complaint on October 28, 2020, in state court before Defendant W.M. Bolthouse Farms, Inc. removed the action to this Court on March 1, 2021. (Doc. 1).

In a joint status report filed October 17, 2025, the parties represented that a final settlement anticipated to be approved by the Kern County Superior Court in a related and consolidated class and PAGA action (*Carrillo v. Wm. Bolthouse Farms, Inc*., No. BCV-19-101199) would "preclude the claims alleged in this action by Plaintiff Julio Mayen relating to his work at any Bolthouse location in California." (Doc. 49). Defendant later reported to this Court that, on January 6, 2026, the Kern County Superior Court entered a final approval order and judgment in the consolidated

*Carrillo* action. (Doc. 54). Defendant further represented that Plaintiff Mayen did not opt out of the settlement and is a member of the subclass that, as part of the *Carrillo* settlement, released the same claims he alleges in this action against all Defendants. *Id.*

Accordingly, on July 2, 2026, the Court ordered Plaintiff to file no later than July 16, 2026, a report setting forth why the claims he asserts in this action are not precluded by the settlement and judgment in the consolidated *Carrillo* case and why this action should not be dismissed. (Doc. 55) (citing Docs. 49, 54). After Plaintiff failed to comply with the Court's order and the deadline to do so had passed, on July 17, 2026, the Court ordered Plaintiff to show cause in writing by July 20, 2026, why sanctions should not be imposed for his failure to timely file a report and comply with the Court's orders. (Doc. 57). Plaintiff was permitted to comply with the order in the alternative by filing the required report by that same deadline. *Id.*

On July 20, 2026, Plaintiff filed a construed notice of voluntary dismissal. (Doc. 58). In the filing, Plaintiff apologizes to the Court for missing the deadline to file the statement in response to the Court's orders due to a calendaring error of counsel for Plaintiff. *Id.* at 2. Plaintiff concedes that the claims asserted in the instant action are precluded by the settlement and judgment in the consolidated *Carrillo* class and PAGA action and "sees no other option than to dismiss this case." *Id.*

In light of Plaintiff's prompt compliance in filing the statement pursuant to the Court's orders, the Court finds good cause to discharge its July 17, 2026, order to show cause without the imposition of sanctions.

Separately, Plaintiff's filing comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiff is entitled to dismiss his individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class *proposed to be certified for purposes of settlement* ... may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, it appears Plaintiff seeks to dismiss the entire action, including the claims of

the putative class, under Rule 41(a)(1) without prejudice. (Doc. 58); *see* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). No class has been certified in this action nor is there a class proposed to be certified for purposes of any settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' possible claims, Rule 23(e) does not mandate either Court approval of the Plaintiff's dismissal of the action or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. App'x 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court …") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiff's filing, the Court finds that Rule 23(e) does not require the Court's approval of the dismissal. This action shall be terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999).

**<u>Conclusion</u>**

Accordingly, it is HEREBY ORDERED that:

1. The Court's order to show cause (Doc. 57) is DISCHARGED; and
2. The Clerk of the Court is HEREBY DIRECTED to terminate all dates and deadlines and to CLOSE the case and adjust the docket to reflect, pursuant to Rule 41(a)(1)(A)(i), dismissal of all claims asserted without prejudice.

IT IS SO ORDERED.

Dated: **July 21, 2026**

UNITED STATES MAGISTRATE JUDGE